LOUIS FELDMAN, Respondent, *v.* JOSEPH BARSHAY, Appellant.

**Real property — title — vendor and purchaser — lien — tax — franchise tax assessed against corporation in 1905 — real property subsequently transferred by corporation to purchaser in good faith — tax not a lien after ten years from time due unless referred to Attorney-General — purchaser has marketable title and purchaser from him not entitled to recover down payment.**

Franchise taxes against a corporation, owner of real property, which became payable, if at all, in 1905, and were never referred to the Attorney-General pursuant to section 203 of the Tax Law, ceased to be a lien upon the property, which had been transferred to a purchaser in good faith, ten years from the time when such tax became due and payable. (Tax Law, § 207; L. 1917, ch. 410.) The purchaser, therefore, who thereafter contracted to sell the property to the plaintiff, was the owner of an unincumbered marketable title which he was able to convey and plaintiff was not entitled to recover part of the purchase price paid, on the ground that the tax was a lien on the property.

*Feldman* v. *Barshay*, 219 App. Div. 729, reversed.

(Argued June 14, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action to impress a vendee's lien in favor of plaintiff upon premises owned by defendant.

*Samuel Silverman* and *Jacob Saul Barshay* for appellant. The lien of any franchise taxes due from the Dumont Terrace Company was destroyed in 1917 by chapter 410 of the Laws of 1917. Respondent was, therefore, unjustified

in his rejection of appellant's title and the complaint should, therefore, have been dismissed. The courts below erred in construing section 207 as a possible statute of limitations applicable only in a contest between the State and a *bona fide* holder. (*Keyser* v. *Lowell,* 177 Fed. Rep. 400; *People* v. *Kings County Dev. Co.,* 48 Cal. App. 72; *Talbott* v. *Hill,* 49 App. [D. C.] 96; 261 Fed. Rep. 244; *Cassel* v. *Lowry,* 164 Ind. 1; *Battle* v. *Shivers,* 39 Ga. 405; *Baker* v. *Kelley,* 11 Minn. 480; *Bell* v. *Morrison,* 1 Pet. 351; *House* v. *Carr,* 185 N. Y. 453; *Benton* v. *Wickwire,* 54 N. Y. 226; *Isenberg* v. *Rainier,* 70 Misc. Rep. 498; *People* v. *Gowasky,* 244 N. Y. 36; *Shulthis* v. *MacDougal,* 162 Fed. Rep. 331.)

*Samuel Weiss* for respondent. The lien of the franchise tax due from the Dumont Terrace Company was a valid and existing incumbrance on November 17, 1925. (*Devoe* v. *Leitz,* 133 App. Div. 356; *Johnson* v. *Albany & Susquehanna R. R. Co.,* 54 N. Y. 416; *Bernard* v. *Onderdonk,* 98 N. Y. 158.)

*Albert Ottinger, Attorney-General (C. T. Dawes* of counsel), for State Tax Commission.

KELLOGG, J. Every domestic corporation, for the privilege of exercising its corporate franchises, must pay an annual tax to the State based upon its capital employed within the State (Tax Law; Cons. Laws, ch. 60, sec. 182); it must, between the fifteenth day of November and the fifteenth day of December in each year, make a written report to the Tax Commission, stating its condition at the close of business on the preceding 31st day of October and particularly stating the capital employed by it during the year previous to such date (Id. sec. 192); the Tax Commission must, from such report or other data, " order and state an account for the tax due the State " (Id. sec. 195); notice in writing must be given by the Commission to the corporation of the auditing and stating of the account

(Id. sec. 196); " a tax imposed by section 182    *    *    *
shall be due and payable into the State treasury on or
before the fifteenth day of January in each year " (Id.
sec. 197); " such tax shall be a lien upon and bind all
the real and personal property of the corporation    *    *    *
from the time when it is payable until the same is paid
in full." Whether, under these sections, in the absence
of a report by the corporation, in default of an audit
and statement by the Tax Commission, an unascertained
franchise tax becomes, from the fifteenth day of January
following the due date for the corporate report, a " lien
upon " the real property of the corporation " until the
same is paid in full," is an interesting question. It is a
question, however, which we do not find it necessary
to decide, and, therefore, refrain from deciding. If the
franchise taxes, payable by the Dumont Terrace Com-
pany for the years 1904 and 1905, originally became a
lien upon the real property owned by it in the year 1905
and now the subject of this controversy, they ceased to
be a lien thereupon by the force of the provisions of
section 207 of the Tax Law, as amended by chapter 410
of the Laws of 1917. That section provides that " as
to real estate in the hands of persons who are owners
thereof who would be purchasers in good faith but for
such tax or penalty    *    *    *    all taxes and penalties which
have prior to April first, nineteen hundred and seventeen,
become due and payable pursuant to this article, and which
have not been referred to the attorney-general pursuant to
section two hundred and three of this chapter, shall cease
to be a lien on such real estate as against such purchasers
or holders, after the expiration of ten years from the time
when such tax became due and payable." The taxes in
question became payable, if at all, in the year 1905; they
never were referred to the Attorney-General pursuant to
the provisions of section 203; the defendant, " but for such
tax or penalty," was a purchaser in good faith of the prop-
erty in question; therefore, the taxes ceased to constitute

1927.]                    Statement of case.              [246 N. Y. 133]

a lien upon the property " ten years from the time when such tax became due and payable," or in the year 1915. It follows that the defendant, when he contracted to sell the property to the plaintiff, was the owner of an unincumbered marketable title, and was able to convey such a title to the plaintiff. The plaintiff, therefore, was not entitled to recover the sum paid to the defendant, in part payment of the purchase price, and the judgment rendered was erroneous.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.